IN THE MATTER OF THE PROTEST OF SUCESORES DE M. LOMBA Y COMPAÑIA, Importers, against the Action of the Collector of the Port of San Juan, Porto Rico, in Classifying and Assessing Duties on Shipments of Olives, and to Review the Action of the Board of General Appraisers Sitting at New York, Sustaining Said Collector.

San Juan, Law, No. 317.

---

ALSO IN RE A SIMILAR PROTEST BY F. FONT Y HERMANO.

Law, No. 318.

---

ALSO IN RE A SIMILAR PROTEST BY FREIRIA Y COMPAÑIA.

Law, No. 319.

---

ALSO IN RE A SIMILAR PROTEST BY M. MARTINEZ Y COMPAÑIA.

Law, No. 320.

Matter of the protest of Sucesores de Lomba y Compañia.

# ALSO IN RE A SIMILAR PROTEST BY SOBRINOS DE EZQUIAGA.

Law, No. 322.

# ALSO IN RE A SIMILAR PROTEST BY SOBRINOS DE EZQUIAGA.

Law, No. 331.

# ALSO IN RE A SIMILAR PROTEST BY F. FONT Y HERMANO.

Law, No. 332.

# ALSO IN RE A SIMILAR PROTEST BY SUCESORES DE M. LOMBIA Y COMPAÑIA.

Law, No. 333.

# ALSO IN RE A SIMILAR PROTEST BY F. FONT Y HERMANO.

Law, No. 350.

# ALSO IN RE A SIMILAR PROTEST BY SOBRINOS DE EZQUIAGA.

Law, No. 351.

Olives packed in brine in kegs containing less than 1 gallon each should, for customs tariff purposes, be classified under ¶ 264 of the tariff act of of 1897 (30 Stat. at L. 171, chap. 11, U. S. Comp. Stat. 1901, p. 1651), and duties assessed at 25 cents per gallon.

Opinion filed August 13, 1906.

II. Porto Rico.—5.

Matter of the protest of Sucesores de Lomba y Compañia.

*N. B. K. Pettingill, Esq.,* District Attorney, for the United States.

*T. D. Mott, Jr., Esq.,* attorney for the protestants.

RODEY, Judge, delivered the following opinion:

These ten cases all involve the same question, and, by consent of counsel at the hearing, they were all heard together, with the understanding that one decision should be decisive of all.

From the several records in these protests, and from the evidence heard in open court, it appears that the sole question to be determined is whether or not the olives in brine contained in small kegs of less than 1 gallon each, and which are sold in such packages for retail consumption, are dutiable under the provisions of ¶ 264 of the tariff act of 1897 (30 Stat. at L. 171, chap. 11, U. S. Comp. Stat. 1901, p. 1651), at 25 cents per gallon, or 15 cents per gallon. The pertinent portion of the paragraph in question of the tariff act reads as follows: "Olives, green or prepared, in bottles, jars, or similar packages, 25 cents per gallon; in casks, or otherwise than in bottles, jars, or similar packages, 15 cents per gallon." The collector of the port considered that the intent of Congress with reference to the rate of duty to be charged referred to size of package, rather than to the material out of which the package is made; and he therefore assessed them as "olives in bottles, jars, or similar packages, at 25 cents per gallon."

Two of the board of general appraisers at New York sustained this assessment of the collector, and the third dissented. The facts were stated in the collector's report to the board of general appraisers, and came up with the record. His statement was not controverted in any of the protests. The material portion of it is as follows:

Matter of the protest of Sucesores de Lomba y Compañia.

"In regard to the protests against the assessment of duty upon olives in kegs containing less than 1 gallon . . . I beg to state that such coverings are generally used for shipments of this article to Porto Rico, for the reason that when arriving in larger packages—of, say, from 5 to 10 gallons' capacity—the goods spoil almost immediately in this climate; and it has therefore been found necessary to import in smaller quantities. These olives are sold to both wholesale and retail dealers in the original packages in which imported, and are distributed by the retailers to the hotel, restaurant, and family trade in the original packages, and opened and sold to the poorer class of trade at the rate of 4 or 5 olives for 1 cent. As far as can be ascertained, these goods were never imported in this manner for the purpose of bottling or otherwise packing for retail distribution, and the greater part are sold for consumption in the same condition in which imported."

On the hearing, one of the little wooden kegs was exhibited in evidence. It was made of thick, wooden, tightly fitting staves, had iron hoops and strong ends just like any cask or barrel, but so small that "keg" suggested itself as a more appropriate name for it. Several of the dictionaries which the court has examined appear to define the word "cask" as something larger than a keg, and, in fact, often as large or larger than a barrel, while all of them define a keg as something comparatively small, of that same character.

The majority of the board of general appraisers, in deciding the matter, wrote an opinion, which is to be found in Vol. 9, T. D. p. 1050. An examination of it convinces the court that its reasoning is sound, and, no evidence having been introduced on the hearing to change the facts, that opinion is adopted by the court. It is as follows:

"In decisions heretofore rendered, the board seems to have held that the distinction made by the law, based upon the man-

ner of packing olives, has reference to the size, rather than to the nature, of the package; that is to say, the provision for olives 'in bottles, jars, or similar packages,' embraces goods in small packages for retail consumption, while that for olives 'in casks, or otherwise than in bottles, jars, or similar packages,' relates to goods in bulk, which require repacking before being sold for the retail trade. It has accordingly been held that olives imported in tin cans containing from 5 to 15 gallons, and which were to be repacked in jars or bottles for consumption, are dutiable under the latter, rather than the former, provision. Re Vitelli, G. A. 5, 448 (T. D. 24,733). Upon the same principle, olives in large jars containing about 10 gallons each were held to be excluded from the provision for 'olives in bottles, jars, or similar packages,' and to be dutiable at the lower rate, as olives otherwise packed. Re Yow Yuen & Co. Abstract 3,906 (T. D. 25,805).

"If the style and character of the packages were to be considered, we should say the language of the second subdivision of the paragraph applied more appropriately to olives in kegs, which, under this view, would not in any discriminating sense be 'similar packages' to bottles or jars. On the other hand, if the classification is to be governed by the size of the package,—whether suitable for retail or wholesale transactions,—it seems reasonable that the first clause should be applied, since the kegs in question are shown to be of less than 1 gallon capacity, and to be suitable for the retail trade.

"The reasoning of the prior rulings of the board, which excludes a jar too large to be considered a retail package from the first clause of the paragraph, would as inevitably exclude a keg or cask too small to be regarded as a bulk importation, and suitable for retail consumption, from the second provision, and place it under the former. This principle having been adopted and

Matter of the protest of Sucesores de Lomba y Compañia.

followed by the board, deference to previous decisions seems to require that it should govern in the case at bar.

"Aside from the question of *stare decisis,* we think a reasonable construction of the provisions in question brings us to the conclusion we have reached. There would be no logic in holding that Congress intended to distinguish between packages of the same commodity with reference to the component material of the covering or package, or its particular style, especially in view of the fact that glass bottles and jars, and various other glass containers, are made separately dutiable, even when filled with merchandise paying a specific rate, by the provisions of ¶¶ 99 and 100 of the act. On the other hand, there is reason in the claim that the distinction is based upon the quantity contained in the package, owing to the fact that the small packages are ready for consumption, and require more labor and expense to place the commodity on the market in that form.

"It is suggested that the case is distinguished by reason of the fact that casks are mentioned in the last part of the paragraph, and that these small kegs are casks. We think there is grave doubt as to whether packages containing less than a gallon could be called casks. However this may be, we hold it to be immaterial, as we think the term 'similar package' has reference to similarity in size and use in trade."

The classification of the goods and the assessment of duties in all of the said cases at 25 cents per gallon, by the collector and by the board of general appraisers, will therefore be sustained, and the protests dismissed.